**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN. AND FOR HILLSBOROUGH COUNTY, FLORIDA**

JOHN KIRK MATTHEWS,

  Plaintiff,

V

TRABA, INC., a Delaware corporation, and CHECKR, INC., a Delaware corporation,

HILLSBOROUGH COUNTY CCC
JAN 26 2026 PM4:29

Case No: 26-CA-00 0 9 2 2
Div.    G

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (JURY TRIAL DEMANDED)**

Plaintiff, JOHN KIRK MATTHEWS ("Plaintiff"), appearing pro se, sues Defendants, TRABA, INC. and CHECKR, INC. (collectively, "Defendants"), and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages and injunctive relief arising from Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
2. Plaintiff seeks relief for unlawful procurement, reporting, and use of an inaccurate and obsolete consumer report for employment purposes, and for Defendants' willful failure to comply with mandatory FCRA procedures.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to Article V, Section 5 of the Florida Constitution and 15 U.S.C. § 1681p, which grants concurrent jurisdiction to state courts for FCRA claims.
4. Venue is proper in Hillsborough County, Florida, pursuant to section 47.011, Florida Statutes, because the causes of action accrued in this county and Plaintiff resides in this county.

## PARTIES

5. Plaintiff JOHN KIRK MATTHEWS is a natural person and resident of Hillsborough County, Florida.
6. Defendant TRABA, INC. ("Traba") is a Delaware corporation authorized to conduct business in Florida and engaged in providing employment opportunities through an online labor platform.
7. Defendant CHECKR, INC. ("Checkr") is a Delaware corporation acting as a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of preparing consumer reports for employment purposes, including reports used in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

8. In or about December 2024, Plaintiff registered with Traba's platform and successfully completed three paid work shifts in Hillsborough County, Florida.
9. As part of Traba's continued employment screening process, Traba procured a consumer report regarding Plaintiff from Checkr for employment purposes.
10. On January 7, 2025, Checkr completed and transmitted a consumer report regarding Plaintiff to Traba.
11. The consumer report contained criminal charge information dated between 2012 and 2018, all of which were disposed of more than seven (7) years prior to the date of the report.
12. The inclusion and reporting of such obsolete criminal information violated 15 U.S.C. § 1681c(a)(5).
13. On January 7, 2025, Traba terminated Plaintiff's access to its platform and work opportunities based in whole or in part on the Checkr consumer report.
14. Prior to taking adverse action, Traba failed to provide Plaintiff with a pre-adverse action notice, a copy of the consumer report, and a summary of rights as required by 15 U.S.C. § 1681b(b)(3)(A).
15. As a result of Defendants' actions, Plaintiff suffered lost income, emotional distress, humiliation, and other damages.

## DISPUTE AND NOTICE

16. On or about October 30, 2025, Plaintiff formally disputed the accuracy and legality of the consumer report with both Traba and Checkr.
17. Plaintiff also filed complaints with the Consumer Financial Protection Bureau regarding Defendants' conduct, providing specific identification of the obsolete criminal charges
18. Checkr received notice of the dispute and was required to conduct a reasonable reinvestigation within thirty (30) days pursuant to 15 U.S.C. § 1681i(a).
19. Checkr failed to conduct a lawful reinvestigation and falsely asserted that Plaintiff failed to identify specific disputed items, despite Plaintiff's clear identification of the obsolete charges.
20. Traba refused to cure its violations after receiving notice and affirmatively stated it would close communications without response.

## COUNT I – VIOLATION OF FCRA (15 U.S.C. § 1681b(b)(3)(A)) (Against Defendant Traba, Inc.)

21. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.
22. Traba is a "user" of consumer reports for employment purposes under the FCRA.
23. Traba took adverse employment action against Plaintiff based on a consumer report without providing the statutorily required pre-adverse action disclosures.
24. Traba's conduct was willful and/or negligent and in violation of 15 U.S.C. § 1681b(b)(3)(A).

## COUNT II – WILLFUL NONCOMPLIANCE WITH FCRA (15 U.S.C. § 1681n) (Against Defendant Traba, Inc.)

25. Plaintiff realleges paragraphs 1 through 24.
26. Traba's refusal to cure known FCRA violations after notice constitutes willful noncompliance under the FCRA.
27. Plaintiff is entitled to statutory damages, actual damages, punitive damages, and costs.

**COUNT III – VIOLATION OF FCRA (15 U.S.C. §§ 1681c(a)(5), 1681i(a)) (Against Defendant Checkr, Inc.)**

28. Plaintiff realleges paragraphs 1 through 27.
29. Checkr willfully reported obsolete criminal information in violation of 15 U.S.C. § 1681c(a)(5).
30. Checkr failed to conduct a reasonable reinvestigation after notice of dispute in violation of 15 U.S.C. § 1681i(a).

**COUNT IV – JOINT AND SEVERAL LIABILITY**

31. Defendants acted in concert in furnishing and using the unlawful consumer report.

32. Defendants are jointly and severally liable for all damages caused to Plaintiff.

**DAMAGES**

33. Plaintiff has suffered actual damages including lost wages, emotional distress, and reputational harm in an amount exceeding $50,000.
34. Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants; B. Award actual damages in excess of $50,000; C. Award statutory damages as provided by law; D. Award punitive damages; E. Grant injunctive relief requiring deletion of obsolete criminal records and prohibiting further unlawful reporting or use; F. Award costs of suit and allowable expenses; G. Grant trial by jury on all issues so triable; and H. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I, JOHN KIRK MATTHEWS, declare under penalty of perjury that the foregoing Complaint is true and correct to the best of my knowledge and belief. And a copy was hand furnished to the clerk of the court p.o.box 1110 Tampa fl 33602 on this 20th day of January 2026

JOHN KIRK MATTHEWS, Pro Se 4410 N Hale Ave apt11 tampa, Florida,33614 813-446-9299 Princethegreatyoung813@gmail.com