UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN K. MATTHEWS,

Plaintiff,

v.

CASE NO. 8:26-cv-00942-SDM-CPT

CHECKR, INC., et al,

Defendants,

_________________________________/

**ORDER**

Proceeding *pro se* and alleging violations of the Fair Credit Reporting Act (FCRA), John Matthews sues (Doc. 5) Checkr, Inc., and Traba, Inc. Checkr moves (Doc. 9) to dismiss, and the plaintiff responds (Doc. 22) in opposition. Traba has not appeared, and the record reveals no service of process on Traba.

Traba, the plaintiff's former employer, terminated the plaintiff's employment upon receipt of a January 7, 2025 report (Doc. 9-1) prepared by Checkr and detailing the plaintiff's criminal record, including (1) fourteen convictions dating on or after April 12, 2012; (2) a *nolle prosequi* on September 13, 2019;

and (3) two "no information" filings dating no earlier than September 13, 2019.[1] The report is consistent with the public record. (Docs 9-2 through 9-9)

The plaintiff vaguely and conclusorily alleges (1) that Checkr violated 15 U.S.C. § 1681e(b) because Checkr "failed to follow reasonable procedures to assure maximum possible accuracy" and (2) that Checkr violated 15 U.S.C. § 1681i because Checkr "failed to conduct a reasonable reinvestigation" after the plaintiff "disputed the inaccurate information." Fatal to the former claim, the report is accurate and objectively unlikely to mislead the intended user. *See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251–52 (11th Cir. 2020); *see also Oyedji v. Checkr, Inc.*, No. 23-04096, 2024 WL 1598697, at *4 (D.N.J. Apr. 12, 2024) (dismissing a § 1681e(b) claim because "Checkr reported the information that was included in the public record."). Fatal to the latter claim, accurate reporting is a "complete defense" to a 1681i claim. *Weeks v. Equifax Info. Servs., LLC*, No. 8:21-CV-2384-VMC-SPF, 2022 WL 685665, at *4 (M.D. Fla. Mar. 8, 2022).

Checkr's motion (Doc. 9) to dismiss is **GRANTED**. Because any further amendment appears futile, the claims against Checkr (Counts II and III) are **DISMISSED WITH PREJUDICE**. Because more than ninety days have elapsed since the filing of the operative complaint without service on Traba,

---

[1] The FCRA prohibits reporting a non-conviction record antedating the report by no less than seven years but imposes no time limit on reporting a conviction. 15 U.S.C. §§ 1681c(a)(2), (a)(5). The earliest non-conviction record dates to September 13, 2019, less than seven years before the January 7, 2025 report.

not later than **AUGUST 12, 2026**, the plaintiff must **SHOW CAUSE** why an order should not dismiss the claims against Traba without prejudice under Rule 4(m), Federal Rules of Civil Procedure.

**ORDERED** in Tampa, Florida, on July 29, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE